# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | **C R I M I N A L  N O . 2:08-0143** |
| | | **CIVIL NO. 2:12-0654** |
| **VERSUS** | \* | **JUDGE HAIK** |
| **TERRAL JAMES TAYLOR** | \* | **MAGISTRATE JUDGE HILL** |

## ORDER

The Clerk has received a copy of Requests for Production which petitioner, Terral James Taylor ("Taylor"), has propounded on the government  in connection with his Motion to Vacate or Correct Sentence filed pursuant to 28 U.S.C. § 2255, which petitioner requests be filed in the record of these proceedings.

A petitioner seeking *habeas* relief is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997).  Pursuant to Rule 6 which accompanies 28 U.S.C. § 2255, it is within the district court's discretion to grant discovery in a *habeas* case upon a fact specific showing of good cause.[1]  *Id.* at 909 *citing* Rule 6(a),  28 U.S.C.  foll. § 2255.

A petitioner establishes "good cause" for discovery under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-909.  Conclusory allegations are not enough to warrant discovery; the

---

[1]Rule 6(a) of the Rules Governing §2255 Cases provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of criminal Procedure or the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

petitioner must set forth specific allegations of fact. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). However, Rule 6 does not authorize fishing expeditions. *Id*. Succinctly stated, "*Habeas corpus* is not a general form of relief for those who seek to explore their case in search of its existence." *Id. citing Aubet v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

In this case, Taylor has not sought permission of this Court to engage in discovery. Furthermore, Taylor provides no specific factual allegations as to why discovery is necessary for the proper disposition of his claims, nor can the undersigned find any reason for discovery based on the nature of the claims presented by Taylor to this Court. Petitioner essentially wishes to embark on a "fishing expedition" to "explore [his] case in search of it's existence." As such, discovery may not proceed, and the government need not respond to petitioner's discovery requests.

Rule 12 which accompanies 28 U.S.C. § 2255 permits the court to apply the Federal Rules of Civil Procedure to the extent that they are not inconsistent with § 2255 or Rules accompanying the statute. Rule 5(d)(1), FRCP, provides that discovery requests, including requests for documents, "must not be filed until they are used in the proceeding or the court orders filing." In this case, the Court has not permitted discovery to proceed. Further, Rule 5(d)(1) is not inconsistent with § 2255 or the Rules accompanying that statute. Accordingly, the Clerk will be ordered to return the discovery requests submitted by Taylor to Taylor without filing same in the record.

For these reasons;

**IT IS ORDERED** that  the government need not respond to petitioner's discovery requests.

**IT IS FURTHER ORDERED** that **the Clerk shall** return  the discovery requests submitted by Taylor to Taylor without filing same in the record.

Signed this 15th day of May, 2012, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE